[926 NYS2d 653]

In the Matter of DANIELLE M. MUSCATELLO (Admitted as DANIELLE MARGUERITE MUSCATELLO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 5, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter Grievance Committee) served the respondent with a petition dated January 29, 2010, containing two charges of professional misconduct. A hearing was held on August 24, 2010. Following the hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the report and supplemental report of the Special Referee, and for imposition of discipline upon the respondent as the Court deems just and appropriate. The respondent joins in the motion to confirm and contends that the appropriate sanction under the circumstances is a public censure.

Charge one alleges that the respondent by misrepresenting evidence to the grand jury, engaged in: (1) conduct involving dishonesty, fraud, deceit or misrepresentation, (2) conduct that is prejudicial to the administration of justice, and (3) conduct that adversely reflects on her fitness as lawyer, in violation of rules 8.4 (c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

The respondent was employed as an Assistant District Attorney with the Office of the District Attorney for Kings County. On November 5, 2009, she was presenting evidence to a Kings County grand jury in relation to a defendant who had been arrested on October 18, 2009 for driving while intoxicated. As part of the presentation, she moved into evidence a New York City Police Department form known as the chemical test analysis (hereinafter the form). The form is an official document that reports, inter alia, the defendant's blood alcohol content at the time the breathalyzer test is performed. The police officer who administered the test is required to certify on the form that its contents are true, accurate, and complete. After moving the form into evidence, the respondent realized that it was

incomplete, in that the space where the number reflecting the defendant's blood alcohol content should have been, was blank. Nonetheless, the respondent told the grand jury that the form reflected a blood alcohol content of .08%, a fact she knew from other evidence previously introduced before the grand jury.

Charge two alleges that the respondent altered a document that had been entered into evidence before a grand jury, thus, violating rules 8.4 (c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

On or about November 12, 2009, the respondent subpoenaed the police officer who had prepared the form. On that date, knowing that her supervisor was out of the office, the respondent entered and searched that office for the form. The respondent found the form in her supervisor's briefcase and removed it. She then directed the police officer to fill in the blank to reflect the defendant's blood alcohol content, and returned the altered form to her supervisor's briefcase without her supervisor's knowledge.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the motion to confirm is granted.

In mitigation, the respondent asks the Court to take into consideration the fact that she was a young lawyer who had been practicing law for less than three years, that she panicked in a high-pressure situation and doubted herself, and that the conduct was isolated and aberrational. Further, she maintains that she has been punished enough as she was terminated from her position as an Assistant District Attorney, which she considered to be an ideal job. She is deeply remorseful and ashamed of her misconduct. Numerous character letters were submitted on the respondent's behalf, all of which attested to her reputation for honesty and integrity. The respondent's present employer, who hired her after full disclosure was made to him of the grand jury incident, indicated in a letter that the respondent "consistently has expressed remorse . . . and displayed a high standard of ethical and moral character during her employment with me at my firm."

Notwithstanding the respondent's candor, youth, remorse, and lack of a prior disciplinary history, we conclude that the circumstances of this case warrant the respondent's suspension from the practice of law for a period of one year.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Danielle M. Muscatello, admitted as Danielle Marguerite Muscatello, is suspended from the practice of law for a period of one year, commencing August 5, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 6, 2012. In such application, the respondent shall furnish satisfactory proof (1) that during the said period she refrained from practicing or attempting to practice law, (2) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) that she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Danielle M. Muscatello, admitted as Danielle Marguerite Muscatello, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Daneille M. Muscatello, admitted as Danielle Marguerite Muscatello, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Danielle M. Muscatello, admitted as Danielle Marguerite Muscatello, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).